FRANCISCO ORTEGA, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. 447.   Argued February 1, 1952.—Decided February 28, 1952.

*Benjamín Rodríguez Ramón* for petitioner. *Ángel de Jesús
Matos* and *Donald R. Dexter* for Manager of the State In-
surance Fund.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On November 4, 1950, Generoso Ortega Rivera was work-
ing along with other workmen in an excavation in a lot
located in Dr. Veve Street, in front of the recreation square,
of Bayamón. There was a cave-in and as a result thereof
Generoso suffered an accident and died a day later. The
proper claim was filed in the State Insurance Fund and the
Manager decided that Gloria Rivera Colón, who for eight
years prior to the workman's death lived honorably with him
in a state of public concubinage and depended on him, was
his only beneficiary and awarded her $2,934 as compensation.

Decedent's father appealed to the Industrial Commission
which after hearing oral evidence decided that "Gloria Ri-
vera Colón and Generoso Ortega lived together, as husband
and wife, in a state of public concubinage, during six or
eight years prior to the workman's death. The evidence
shows that when at times Generoso Ortega did not work, his
concubine worked and supported him. The evidence shows
that Generoso Ortega and Gloria Rivera Colón quarreled and
were separated for two months, during which time she had
relations with another man, but thereafter immediately re-
turned to Generoso Ortega's home and they continued living
as husband and wife. It was while Generoso Ortega and
Gloria Rivera Colón were living together that Ortega suf-
fered the labor accident which took his life . . ." In the
light of the foregoing facts it held: "(1) That Gloria Rivera
Colón was Generoso Ortega's concubine and that at the time
of the workman's death and during the last eight years prior
to the latter's death, she lived with the workman as husband
and wife (*sic*) in a state of public concubinage, and was
wholly dependent for her support on Generoso Ortega's earn-
ings at the time of his death, being entitled to compensation,

and (2) that Francisco Ortega, the deceased workman's father, was partly dependent for his support on Generoso Ortega's earnings at the time of his death, and is therefore entitled to share in the compensation." Reconsideration having been prayed for by Francisco Ortega, the Commission rendered a new decision in which it stated that after examining the grounds of the petition and its previous decision, it did not think that it had committed any error, either in the interpretation of the facts or of the law, wherefore it denied reconsideration.

At the request of Francisco Ortega, who resorted to this Court with a writ of review, we ordered the Commission to send to the Secretary Reporter of this Court the record of the case. Petitioner contends now that the Commission erred in deciding that Gloria Rivera Colón lived honorably in public concubinage with the workman Generoso Ortega Rivera during the last three years prior to the latter's death and that at said time she depended on the decedent for her support.

By express provision of § 3, paragraph 5, of Act No. 45 of April 18, 1935 (Sess. Laws, pp. 250, 256), as amended by Act No. 284 of May 15, 1945 (Sess. Laws, pp. 1036, 1038), "Should the workman or employee leave a widow, parents . . . or grandchildren, any of whom were wholly or partly dependent for their support on the earnings of the deceased workman or employee at the time of his death, they shall receive a compensation of from two thousand (2,000) to three thousand five hundred (3,500) dollars, which shall be graduated . . . ; *Provided,* That for the purposes of compensation, *the woman who, at the time of the death of the workman, and during the last three years prior to the death, has lived with the workman honorably as husband and wife, in a state of public concubinage, shall be considered as entitled to the corresponding share in the compensation."* (Italics ours.)

Did the evidence before the Commission in this case show that Gloria Rivera Colón lived in a state of public concubinage with the workman Generoso Ortega Rivera as required by the Act during the last three years prior to his death? That is the gist of the question before our consideration. Section 11 of Act No. 45, *supra*, as amended by Act No. 121 of May 2, 1940 (Sess. Laws, pp. 728, 732), clearly provides that review of decisions of the Industrial Commission "may be granted only on questions of law, or upon appreciation of the evidence when such evidence is of an expert nature." Consequently, we shall not interfere with the weighing of nonexpert evidence by the Industrial Commission unless the latter's conclusion in this connection be entirely unsupported by evidence. It is so because in that event such a finding of facts constitutes an error of law and may, therefore, be reviewed by us. *Montaner* v. *Industrial Commission*, 54 P.R.R. 686, 688.

To determine whether the finding of the respondent Commission to the effect that Gloria Rivera Colón and Generoso Ortega Rivera lived together, as husband and wife, in a state of public concubinage, during six or eight years, that is, as specifically provided by the Act, "during the last three years prior to the [accidental] death" of Generoso is supported by the evidence or whether on the contrary it must fall for lack of proof, we must review, succinctly at least, the evidence offered in this case. Said evidence is in brief to the effect that Gloria and Generoso, while still children (both were between 14 and 15 years old at that time), began to live as husband and wife in a small house on a farm belonging to one Luis Rivera; that in 1950 Gloria abandoned Generoso and went to live with Rafael Báez in the house of the latter's mother; that she lived with Báez during two months and became pregnant by him, giving birth, on January 22, 1951, as a result of said relations, to a girl called Nellie Báez; that Generoso, who first went to live with his father and

later left the village, returned at the end of the two months and Gloria, who had left Báez two days since, renewed her relations with Generoso; that after renewing said relations he was unemployed for three months and she, who worked in a tobacco factory, supported him, and that precisely the week he began to work he had the accident which caused his death. Does that evidence support the finding that Gloria Rivera Colón lived with the workman Generoso Ortega Rivera in a state of public concubinage during the last three years prior to the workman's death? We do not think so.

In connection with the action of acknowledgment authorized by the third subdivision of § 125 of the Civil Code we said in *Vázquez* v. *De Jesús*, 65 P.R.R. 846, 849, that concubinage essentially comprises the relationship between a man and a woman who cohabit together as spouses without being such.

For the purposes of the case under our consideration we are of the opinion that the phrase "in a state of public concubinage" has a similar meaning and scope. We conclude, consequently, that the evidence shows that Gloria and Generoso lived in concubinage for a number of years. Now, since she abandoned him for two months in 1950 and Generoso having died in said year, we can not but conclude that the evidence does not show that she lived with the decedent in concubinage during the entire period corresponding to the last three years immediately preceding the latter's death. Therefore, the finding of the Commission was entirely unsupported by evidence, and that being an error of law we are empowered by the Act to interfere with such a finding and to set aside or reverse it.

In view of the opinion above set forth, we need not discuss whether or not Gloria lived "honorably" with Generoso during her concubinage with him.

The decision appealed from will be set aside and the case

remanded to the Industrial Commission for further proceedings consistent with this opinion.